607 A.2d 1385

IN RE THE APPLICATION OF KATHLEEN
CLARK TO PURCHASE A HANDGUN.

Superior Court of New Jersey
Law Division Criminal Part
Cape May County

Decided May 12, 1992.

*Robert G. Wells,* First Assistant Prosecutor, argued the
cause for the State.

*Kathleen Clark, pro se.*

BRAITHWAITE, DENNIS J., P.J.Cr.

Kathleen Clark (hereafter petitioner) made application to purchase two handguns pursuant to *N.J.S.A.* 2C:58–3. The State Police Superintendent denied petitioner's application, on the basis of *N.J.S.A.* 2C:58–3c(5), which forbids the issuance of a permit to any person where the issuance would not be in the interest of the public health, safety or welfare. Petitioner appeals the determination of the State Police Superintendent.

Petitioner is of good character and repute and is not subject to any of the disabilities set forth in *N.J.S.A.* 2C:58–3. She seeks to obtain the handguns for target practice with her husband. She is married and resides with her husband who has a prior conviction for burglary. Petitioner readily acknowledges that her husband would have access to any handgun kept in the house and that they have a very stable loving relationship.

■ The question presented on this appeal is whether or not a person who is otherwise not disqualified from obtaining a permit to purchase a handgun can be denied a permit because her husband has a prior burglary conviction.

Clearly petitioner's husband would be disqualified from obtaining a permit to purchase a handgun. *N.J.S.A.* 2C:58–3c(1). Moreover, if he possessed a gun he would be guilty of a fourth degree offense. *N.J.S.A.* 2C:39–7.

It has been held that in the exercise of its police power, a state may enact a statute to promote public health, safety or the general welfare. *State Dept. of Environ. Protect. v. Ventron Corp.*, 94 *N.J.* 473, 468 *A.*2d 150 (1983); *Rothman v. Rothman*, 65 *N.J.* 219, 225, 320 *A.*2d 496 (1974); *Burton, et al. v. Sills*, 53 *N.J.* 86, 102, 248 *A.*2d 521 (1968). Further, the range of the state's discretion in promoting the security and well-being of the public accords with the subject of its exercise. Where the end is one to which legislative power may properly

be directed, it is enough if it can be seen that in any degree, or under any reasonably conceivable circumstances, there is an actual relation between the means and the end. *Rothman,* 65 *N.J.* at 227, 320 *A.*2d 496. (citations omitted). Gun control is an example of the breadth and scope of the police power of the State as exercised in the public interest. *Rothman,* 65 *N.J.* at 228, 320 *A.*2d 496.

In *Burton* the Court stated that in New Jersey the general welfare concept has received broad definition. It was further noted that reasonable gun control legislation is clearly within the police power of the State and must be accepted by an individual though it may restrain or burden him. *Burton,* 53 *N.J.* at 106, 248 *A.*2d 521.

█ The statutes regulating firearms are designed toward preventing criminal and other unfit elements from acquiring firearms, while enabling the fit elements of society to obtain them with minimal burdens and inconveniences. *Burton,* 53 *N.J.* at 105, 248 *A.*2d 521. In this context, review must be practical as well as responsible to the public. Although petitioner has no criminal record her husband does. She has indicated that she will attend target practice with her husband and the gun will be in her home where she resides with her husband. The petitioner's husband is one whom the Legislature has prohibited from having a gun pursuant to Section 2C:39–7. Under the circumstances of this case 2C:58–3c(5) must be interpreted so that the broader interest of the public takes precedence over petitioner's interest in obtaining a handgun. It is in the public interest to prevent convicted persons from having access to firearms. Clearly, the petitioner must accept denial of her application in light of the legislative purpose to protect the public interest.

For the above reasons, petitioner's appeal is denied.